UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STAGE DIRECTORS AND CHOREOGRAPHERS
SOCIETY,

                        Plaintiff,

    -v-

PARADISE SQUARE BROADWAY LIMITED
PARTNERSHIP,

                        Defendant.

22 Civ. 6252 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On August 30, 2022, plaintiff filed a petition seeking to confirm and enforce an arbitral award.[1] Dkt. 1. On August 2, 2022, plaintiff filed proof of service on defendant, indicating that defendant had been served on August 1, 2022, making its answer due August 22, 2022. Dkt. 7. Plaintiff then filed a motion for default judgment, Dkt. 11, and the Court ordered the defendant to enter a notice of appearance in this case by October 4, 2022, Dkt 14. Respondent has not responded to the complaint or otherwise appeared in this action.

"[G]enerally a district court should treat an unanswered . . . petition to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). The Court therefore will treat the petition as an unopposed motion for summary judgment. *See id.* at 109–10; *see also Primex Plastics Corp. v.*

---

[1] Although this action was commenced by Complaint, Dkt. 1, the Court construes the filing as a petition to confirm arbitration because it meets the notice requirements and requests the relief appropriate for a petition. *See Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. All. Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *1 n.1 (S.D.N.Y. Dec. 11, 2013).

1

*TriEnda LLC*, No. 13 Civ. 321 (PAE), 2013 WL 1335633, at *2 (S.D.N.Y. Apr. 3, 2013). On an unopposed motion for confirmation of an arbitration award, "a court 'may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*'" *D.H. Blair & Co.*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

The Court recognizes that petitioner has submitted, in support of its petition, a joint stipulation formulated by the parties in lieu of an arbitration hearing and the arbitral award. Because the Court will treat petitioner's motion as one for summary judgment, the Court hereby grants petitioner the opportunity to submit any additional supporting materials by October 20, 2022. Respondent's opposition, if any, is due November 3, 2022. Plaintiffs' reply, if any, is due November 10, 2022.

Petitioner shall serve this Order upon respondent and file an affidavit reflecting such service on ECF by October 12, 2022.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: October 6, 2022
　　　　New York, New York

2