UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STAGE DIRECTORS AND CHOREOGRAPHERS
SOCIETY,

                           Petitioner,

                -v-

PARADISE SQUARE BROADWAY LIMITED
PARTNERSHIP,

                           Respondent.

22 Civ. 6252 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Stage Directors and Choreographers Society ("SDC"), a collective bargaining representative of professional stage directors and choreographers, petitions here for confirmation of an arbitral award (the "Award") issued against respondent Paradise Square Broadway Limited Partnership ("Paradise Square Broadway"). *See* Dkt. 1 ("Compl."), Ex. 2.[1] The arbitration occurred pursuant to a collective bargaining agreement (the "CBA") between SDC and the Broadway League (the "League"), a national trade association for the theater industry. The League is comprised of 700-plus members including theater owners and operators, producers, presenters, and general managers in North American cities, as well as suppliers of goods and services to the commercial theater industry. Compl. ¶ 5. Paradise Square Broadway is one such

---

[1] Although this action was commenced by Complaint, Dkt. 1, that filing is properly construed as a petition to confirm an arbitral award, as it meets the notice requirements and requests the relief appropriate for a petition. *See Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. All. Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *1 n.1 (S.D.N.Y. Dec. 11, 2013).

1

producer, as a result of *Paradise Square*, one of its theatrical productions that falls within the jurisdiction of the CBA. SDC commenced this action on July 22, 2022, pursuant to Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. For the following reasons, the Court confirms the Award.

## I.     Background[2]

### A.     The Parties and Their Agreement

At all relevant times, SDC and the League have been parties to the CBA, under which the present grievance was filed. *See* Compl. ¶ 9. Under the CBA, a "Producer" is a person whose name is on the program as a presenter or co-presenter of a play, a general partner of the producing partnership, an officer of the producing corporation, or a principal of a limited liability company. *Id.* ¶ 6. The Producers of *Paradise Square* include Paradise Square Broadway. The CBA provides a grievance and arbitration procedure that applies to "any dispute concerning the interpretation or application of this Agreement" that "arises between the SDC and the Producers." *Id.* ¶ 10 (quoting CBA at 48–50). If the dispute is not amicably resolved by the parties or a grievance committee, or if no grievance committee meeting is held within 30 days of a request for a meeting, either party may file a request for final and binding arbitration. *Id.*; *see also* CBA at 48–50.

### B.     The Arbitral Award

The underlying dispute here arose as to whether the Producers of *Paradise Square*, including Paradise Square Broadway, owed payments under the CBA to several individuals represented by SDC for directorial and choreographic services rendered in connection with

---

[2] The following undisputed facts are derived from the Complaint, Dkt. 1; the Pordy Declaration, Dkt. 12 ("Pordy Decl."), and attached exhibits; and the Award, dated May 31, 2022, *id.*, Ex. 9.

*Paradise Square*. The payments at issue consisted of fees, advances, royalties, pension and health contributions, and union dues. *See* Compl. ¶ 11. After the League waived its right to have the matter heard before a grievance committee, *id.* ¶ 13, SDC initiated arbitral proceedings before arbitrator Marlene Gold, *see id.* ¶ 14, which were scheduled for May 18, 2022, *id.* ¶ 16. On May 18, 2022, the parties agreed to enter into a joint stipulation in lieu of a hearing. *Id.* ¶ 17. The joint stipulation, signed by representatives of SDC and Paradise Square Broadway, sets forth a stipulated issue, a joint stipulation of facts, and a stipulated remedy in the total amount of $140,285.94. *Id.*

On May 31, 2022, Gold issued a written award in SDC's favor. *See id.*, Ex. 2. "Based upon the Joint Stipulation and the supporting Exhibits referenced therein," *id.* at 7, Gold ordered Paradise Square Broadway to pay SDC $140,285.94, representing total fees, advances, royalties, pension and health contributions, and union dues as of May 15, 2022. *See id.*

### C. This Action

On July 22, 2022, after Paradise Square Broadway failed to comply with SDC's demand for the amount awarded, *see generally* Pordy Declaration, SDC filed this action seeking to confirm the Award. To date, Paradise Square Broadway, despite being served, Dkts. 5–6, has not opposed the Petition or otherwise appeared in this case.

## II. Discussion

### A. Applicable Legal Standards

"Arbitration awards are not self-enforcing"; "they must be given force and effect by being converted to judicial orders by courts." *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)) (internal

quotation marks omitted). The Federal Arbitration Act provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citations and internal quotation marks omitted). In this Circuit, "[t]he showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Loc. 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

A motion to confirm an arbitral award against a party that has failed to appear in the action is evaluated under the legal standards applicable to a motion for summary judgment. *See*

*D.H. Blair*, 462 F.3d at 109–10. To prevail on such a motion, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Tolan v. Cotton*, 572 U.S. 650, 655 (2014) (per curiam) (citations omitted). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). In reviewing an unopposed motion for confirmation of an arbitral award, a court:

> may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law [. . .] a court must grant an order to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing 9 U.S.C. § 9; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

## B. Confirmation of the Arbitral Award

On the basis of the Award, and on the very limited review that is appropriate, the Court finds summary judgment warranted, as SDC has shown there is no material issue of fact in dispute. The arbitrator acted within the scope of the authority granted to her by the parties and found, based on stipulated facts, that "[t]he Producers of Paradise Square violated the collective bargaining agreement between the parties when it failed to fully compensate Moises Kaufman, Bill T. Jones, Alex Sanchez, Garrett Coleman, and Jason Oremus for directorial and choreographic services rendered in connection with the live theatrical musical production of Paradise Square," Award at 7. Further, Paradise Square Broadway consented to the Award entered against it. There is at least a "barely colorable justification for the outcome reached," and by all indications a more than colorable one. *Landy Michaels Realty Corp.*, 954 F.2d at 797. Accordingly, the Court confirms the Award in favor of SDC, for a total amount of $140,285.94.

## C. Attorneys' Fees Associated with This Action

SDC also requests fees and costs incurred in bringing the instant Petition. Pordy Decl. ¶ 20. SDC has included contemporaneous time sheets in support of its Petition. *See id.*, Exs. 10 (attorney time records), 11 (filing and service costs). The Second Circuit has held that "[i]n actions for the confirmation and enforcement of arbitral awards, a court may award attorneys' fees if the party challenging the award has refused to abide by an arbitrator's decision without justification." *First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Emps.*, 118 F.3d 892, 898 (2d Cir. 1997) (internal quotation marks omitted); *see, e.g., Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund*, 2013 WL 6498165, at *6 ("[C]ourts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award

without challenging or seeking to vacate it through a motion to the court.") (quoting *Abondolo v. H. & M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting cases)); *Herrenknecht Corp.*, 2007 WL 1149122, at *6 (awarding fees and costs when defendant refused to participate in arbitral proceedings, failed to satisfy, or even contest, the arbitral award, and failed to oppose the petition to confirm award); *N.Y. Dist. Council of Carpenters Pension Fund v. A Plus Flooring*, No. 07 Civ. 4070 (DLC), 2007 WL 2947464, at *3 (S.D.N.Y. Oct. 9, 2007) (Second Circuit precedent supports award of fees where defendant did not present any justification or reason for failure to abide by arbitrator's decision); *In re Arbitration Between Soft Drink and Brewery Workers Union Loc. 812, IBT, AFL–CIO and Ali–Dana Beverages, Inc.*, No. 95 Civ. 8081 (SAS), 1996 WL 420209, at *3 (S.D.N.Y. July 25, 1996) (awarding attorneys' fees where defendant failed to either pay the award or file a motion to vacate or modify).

Here, Paradise Broadway Square, after agreeing by stipulation to the sum owed to petitioner, has failed to abide by the arbitral award and to respond to the motion for summary judgment to confirm that award. The Court therefore finds it appropriate to award SDC reasonable attorneys' fees and costs incurred in pursuing this action.[3]

In support of its request for fees and costs, SDC submitted an invoice, listing the completed tasks, attorneys' hourly rates, and billed hours, Pordy Decl., Ex. 9, as well as an accounting of court costs and fees, *id.*, Ex. 10. In total, SDC incurred 31.0 hours of legal work, completed by one partner at a rate of $375 an hour and two associates at a rate of $275 per hour, *id.* ¶ 22, for a total of $9,335. The Court finds the requested attorneys' fees reasonable and in

---

[3] Although a CBA provision states that "the cost and expenses of the arbitration shall be shared equally by the SDC and Producer or Producers involved," CBA at 49, this clause does not address the fees and costs incurred in a follow-on lawsuit to enforce an Award.

line with other attorneys' fees awarded in similar actions in this District. *See Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund,* 2013 WL 6498165, at *7 (collecting cases). The requested costs associated with this case—$402 in filing fees when this action was commenced, and process server fees totaling $158—are likewise reasonable and documented, *see* Pordy Decl., Ex. 10.

The Court therefore awards SDC $9,895 in attorneys' fees and costs.

### D.   Post-Judgment Interest

Although SDC does not seek post-judgment interest, such interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Awards of post-judgment interest under § 1961 are mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases). An order confirming an arbitral award is to be "docketed as if it was rendered in an action," and "have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13. Accordingly, § 1961 applies to actions to confirm arbitral awards. *See, e.g., Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-judgment interest in case arising from arbitration). The Court therefore also awards interest to accrue from the date judgment is entered until payment is made.

## CONCLUSION

For the foregoing reasons, the Court confirms the Award in favor of petitioner SDC. The Clerk of Court is respectfully directed to enter judgment in favor of SDC and against respondent Paradise Square Broadway in the amount of $140,285.94, plus post-judgment interest pursuant to 28 U.S.C. § 1961(a), together with attorneys' fees and costs in the amount of $9,895.

The Clerk of Court is further directed to close the case.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: November 28, 2022
       New York, New York